IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SynchView Technologies, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:18-cv-00412-LY |
| Grande Communications Networks LLC, | ) ) ) ) |
| Defendant. | ) ) |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND TO STRIKE PLAINTIFF'S SUPPLEMENTAL INFRINGEMENT CONTENTIONS

Defendant Grande Communications Networks LLC ("Grande") moves for summary judgment of noninfringement of U.S. Patent No. 6,788,882 ("the '882 patent"). Due to a recent agreement between Plaintiff SynchView Technologies, LLC ("SynchView") and a third party, it is undisputed that all of the products accused of infringement in SynchView's Complaint and Infringement Contentions are now licensed. As a result, these products cannot, as a matter of law, infringe the '882 patent.

Once Grande became aware of this license, Grande moved to amend the Court's scheduling order, asking the Court to vacate all claim construction deadlines and allow Grande to file a dispositive motion. The Court agreed, setting briefing deadlines for Grande's motion and ordering that "no other pleadings be

filed without leave of court." *See* Order (ECF No. 53).

Without seeking leave from the Court, SynchView has since purported to serve untimely and improper "Supplemental" Infringement Contentions that identify new accused products. SynchView's Supplemental Infringement Contentions are based entirely on public information that was available to SynchView before this case was filed. SynchView has no plausible justification for failing to identify these accused products until now.

The Court should therefore strike SynchView's Supplemental Infringement Contentions and grant summary judgment of noninfringement.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On May 14, 2018, SynchView, a non-practicing patent assertion entity, filed its two-count Complaint for Patent Infringement, asserting claims for direct and indirect infringement of the '882 patent. The only accused products identified in SynchView's Complaint are Grande's "TiVo Premiere DVR and TiVo service." Compl., ¶ 34 (ECF No. 1).

On November 20, 2018, SynchView served Infringement Contentions,[1] which clarified and expanded on these allegations by identifying additional accused TiVo products—namely, the TiVo T6 DVR, the TiVo Roamio DVR, the

---

[1] Under the Scheduling Order (ECF No. 32), SynchView's Infringement Contentions were due November 9, 2019, but that deadline was extended by agreement of the parties.

2

TiVo-Pace MG1 DVR, the TiVo ARRIS DCX900 STB, the TiVo Premiere Q DVR, and the TiVo Premiere DVR (collectively, the "TiVo Accused Products"). *See* Infringement Contentions at 2 (Ex. 1).  SynchView's Infringement Contentions do not identify any non-TiVo accused products.  *See id.*

On April 29, 2019, SynchView entered into an agreement in which it licensed the '882 patent to a third party.  TiVo Inc., which supplies the Accused TiVo Products to Grande, is a licensee under this agreement.  It is therefore undisputed that all of the TiVo Accused Products are now licensed.[2]

On May 21, 2019, in view of this license, Grande moved to vacate the upcoming claim construction deadlines, and asked the Court to set a briefing schedule for a case-dispositive motion.  *See* Grande's Emergency Mot. to Amend Scheduling Order (ECF No. 47).  On May 24, 2019, following a telephonic hearing, the Court entered an order vacating all claim construction deadlines and setting a briefing scheduling for Grande's dispositive motion.  Order at 1 (ECF No. 53).  The Court further ordered that "no other pleadings be filed without leave of court."  *See id.* at 2.

---

[2] Grande was prepared to file the license agreement in support of this Motion, but agreed not to do so because SynchView raised concerns about whether all parties to the agreement must provide prior written consent.  In those discussions, SynchView indicated that it does not dispute that the TiVo Accused Products are now licensed.  *See also* SynchView's Prelim. Opp'n to Mot. to Amend at 1 (ECF No. 51) ("Grande has known for more than a month that SynchView was finalizing a license agreement with a third party that would resolve SynchView's claims relating to TiVo DVRs.").

On June 6, 2019, without leave of Court, SynchView served Supplemental Infringement Contentions identifying "the Scientific Atlanta Explorer 8300 and the Motorola DCT 6412" as accused products.  *See* Supp. Infringement Contentions at 2 (Ex. 2).  SynchView's Supplemental Infringement Contentions represent that they "are based upon publicly available information."  *Id.*

## II.  ARGUMENT

SynchView's Supplemental Infringement Contentions, served without leave of Court, are untimely and improper.  The only accused products properly at issue in this case—the Accused TiVo Products—are licensed under the '882 patent, and the Court should therefore grant summary judgment of noninfringement.

### A. The Court Should Strike SynchView's Supplemental Infringement Contentions.

The Court set November 9, 2019 as the deadline for SynchView to serve infringement contentions.  *See* Scheduling Order at 1 (ECF No. 32).  Accordingly, SynchView was required to show good cause and obtain the Court's leave to serve "supplemental" infringement contentions more than six months after this deadline passed.  *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Precision Energy Servs., Inc. v. ThruBit, LLC*, No. 4:11-cv-4492, 2013 WL 5274445, at *2 (S.D. Tex. Sept. 18, 2013) (denying motion for leave to amend infringement contentions under Rule 16(b)(4) standard); *see also DDB Techs., L.L.C. v. Fox Sports Interactive Media, LLC*, No.

4

1:11-cv-929-LY, 2014 WL 12167628, at *5 (W.D. Tex. May 15, 2014) (denying motion for leave to serve supplemental infringement contentions).  Because SynchView failed to seek leave, the Court should strike SynchView's untimely and improper Supplemental Infringement Contentions.  *See also Baltimore Aircoil Co. v. SPX Cooling Techs. Inc.*, No. 1:13-cv-2053, 2016 WL 4426681, at *16 (D. Md. Aug. 22, 2016) (rejecting the plaintiff's argument that it "reserve[d] a 'right' to amend its infringement contentions").

Furthermore, even if SynchView had sought leave and attempted to show good cause, it would not have been able to do so.  "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quotations & citation omitted); *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (holding, as a matter of Federal Circuit law, that "good cause" to amend infringement contentions "requires a showing of diligence").  Here, SynchView expressly represents that its Supplemental Infringement Contentions "are based upon publicly available information."  *See* Supp. Infringement Contentions at 2 (Ex. 2).  As such, SynchView cannot show that it was diligent in serving these supplemental contentions more than six months after the Court's deadline.  *See O2 Micro*, 467 F.3d at 1368 ("Having concluded

that the district court could properly conclude that O2 Micro did not act diligently in moving to amend its infringement contentions, we see no need to consider the question of prejudice to MPS.").

Finally, even if SynchView could show diligence, it could not satisfy the general four-factor test for establishing good cause under Rule 16(b)(4). Courts consider the following factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *See Precision Energy*, 2013 WL 5274445, at *2 (quotations & citations omitted). Each of these factors weighs heavily in Grande's favor.

First, SynchView has not attempted to offer an explanation for its untimely supplemental contentions. In any event, because SynchView concedes that its proposed supplements are not based on information subsequently obtained in discovery, SynchView plainly lacks any compelling explanation for the untimeliness.

Second, SynchView's supplemental contentions are unimportant. On June 14, 2019, SynchView filed patent infringement actions against the suppliers of the new accused products—Arris[3] and Technicolor[4]—and will therefore obtain

---

[3] *SynchView Techs., LLC v. Arris Int'l Public Ltd.*, No. 1:19-cv-2726 (N.D. Ga.).

[4] *SynchView Techs., LLC v. Technicolor Connected Home USA LLC*, No. 1:19-cv-2727 (N.D.

whatever relief it may be entitled to in those cases. Moreover, SynchView's six-month delay in supplementing its contentions, based on publicly-available information, further demonstrates that the amendments are unimportant. In other words, if SynchView had considered it important to accuse these new products of infringement, it clearly would have done so in its initial Complaint and Infringement Contentions. Publicly-available information readily identifies the DVRs and set-top boxes that Grande offers to its customers.[5]

Finally, with respect to the third and fourth factors, Grande would suffer severe prejudice if SynchView's untimely supplemental contentions were permitted, and this prejudice could not be cured by granting a continuance. Permitting SynchView to introduce the new accused products would effectively amount to restarting the entire case from the beginning, after nearly a year of litigation in which Grande devoted substantial resources to developing non-infringement arguments and claim construction positions in view of accused products that are no longer at issue. *See Semcon IP Inc. v. ZTE Corp.*, No. 2:16-cv-437, 2018 WL 4501808, at *2 (E.D. Tex. Feb. 28, 2018) (striking additional accused products not identified in infringement contentions given the "important purpose of infringement contentions, which is to set boundaries and to clearly

---

Ga.).

[5] *See, e.g.*, https://mygrande.com/customer-service/user-guides (last visited June 28, 2019) (containing links to a user guide cited in SynchView's supplemental infringement contentions).

identify the scope of a case in a formal manner"). Simply extending the case schedule would in no way alleviate this prejudice. *See also Alex v. KHG of San Antonio, L.L.C.*, No. 5:13-cv-728, 2014 WL 12489604, at *3 (W.D. Tex. June 13, 2014) (noting that "[t]he absence of prejudice to the nonmovant or the ability to address prejudice through a further continuance . . . are generally insufficient to demonstrate 'good cause'")

For these reasons, the Court should strike SynchView's Supplemental Infringement Contentions.

### B. The Court Should Grant Summary Judgment of Noninfringement.

As set forth above, the only accused products properly at issue in this case are the Accused TiVo Products. It is undisputed that all of the Accused TiVo Products are licensed under the '882 patent.

SynchView's claims for infringement of the '882 patent therefore fail as a matter of law, and the Court should grant summary judgment of noninfringement. *See Impression Prods., Inc. v. Lexmark Int'l, Inc.*, 137 S. Ct. 1523, 1535 (2017) ("[A] licensee's sale is treated, for purposes of patent exhaustion, as if the patentee made the sale itself. The result: The sale exhausts the patentee's rights in that item."); *see also, e.g.*, *Intel Corp. v. VIA Techs., Inc.*, 319 F.3d 1357, 1367–68 (Fed. Cir. 2003) (affirming grant of summary judgment of noninfringement based on license).

## CONCLUSION

For the foregoing reasons, the Court should strike SynchView's Supplemental Infringement Contentions, grant summary judgment of noninfringement on Counts I and II of SynchView's two-count Complaint for Patent Infringement, and grant any other or further relief that the Court deems appropriate.

June 28, 2019							Respectfully submitted,


							 */s/ Richard L. Brophy*
							J. Stephen Ravel
							Texas State Bar No. 16584975
							**KELLY HART & HALLMAN LLP**
							303 Colorado, Ste. 2000
							Austin, Texas 78701
							Tel: (512) 495-6400
							Fax: (512) 495-6401
							Email: steve.ravel@kellyhart.com

							Richard L. Brophy (*pro hac vice*)
							Zachary C. Howenstine (*pro hac vice*)
							Mark A. Thomas (*pro hac vice*)
							Marc W. Vander Tuig (*pro hac vice*)
							**ARMSTRONG TEASDALE LLP**
							7700 Forsyth Blvd., Suite #1800
							St. Louis, MO 63105
							Telephone:  314.621.5070
							rbrophy@armstrongteasdale.com
							zhowenstine@armstrongteasdale.com
							mathomas@armstrongteasdale.com
							mvandertuig@armstrongteasdale.com

							*Attorneys for Defendant Grande*
							*Communications Networks LLC*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on June 28, 2019, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

*/s/ Richard L. Brophy*